WRIGHT, FINLAY & ZAK, LLP
Nichole L. Glowin, Esq. SBN 262932
4665 MacArthur Court, Suite 280
Newport Beach, CA  92660
Tel: (949) 477-5050; Fax: (949) 608-9142
nglowin@wrightlegal.net

Attorneys' for Movant,
SETERUS, INC. as the authorized subservicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae"), Creditor c/o Seterus, Inc., its successors and/or assigns

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA- RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.:  6:14-bk-11712-SY |
| | Chapter: 13 |
| ESTEBAN MELO, | |
| Debtor. | **STIPULATION FOR ADEQUATE PROTECTION** |
| | Date:         November 5, 2014 |
| | Time:         9:30 a.m. |
| | Courtroom:    302 |
| | Location:     3420 Twelfth Street |
| | Riverside, CA 92501' |

Movant, SETERUS, INC. as the authorized subservicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae"), Creditor c/o Seterus, Inc., its successors and/or assigns ("Movant") and Debtor, ESTEBAN MELO ("Debtor"), collectively sometimes referred to herein as the "Parties," hereby stipulate and agree as follows:

# RECITALS

1. WHEREAS, on or about December 4, 2003, Debtor executed and delivered a note ("Note") in favor of Countrywide Home Loans, Inc. ("Lender"), in the principal sum of $262,400.00, which was secured by a Deed of Trust ("Deed of Trust") of even date recorded against the property commonly referred to as 43185 Corte Montilla, Temecula, CA 92592 ("Property") in the Official Records for the County of Riverside, on December 24, 2003, as Document No. 2003-1003455.

2. WHEREAS, Lender conveyed all beneficial interest under the Note and Deed of Trust to Federal National Mortgage Association in care of SETERUS, INC., as sub-servicer, by way of an Assignment executed July 6, 2012. FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae"), Creditor c/o Seterus, Inc., its successors and/or assigns ("Movant") is the holder of the Note and Deed of Trust and Seterus, Inc.("Seterus") currently sub-services the Note and Deed of Trust on behalf of the Movant.

3. WHEREAS, pursuant to the Note, Debtor was obligated to make monthly payments commencing February 1, 2004, and continuing on the first day of each consecutive month thereafter until January 1, 2034, when all outstanding amounts become due and payable. Pursuant to the Deed of Trust, attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note.

4. WHEREAS, on or about February 12, 2014, Debtor filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court of California, Central District, Riverside Division, as Case No. 6:14-bk-11712-SY ("Bankruptcy Action"). At that time, Respondent, ROD DANIELSON, was appointed to administer the Chapter 13 estate of the Debtor in the Bankruptcy Action.

5. WHEREAS, on or about May 2, 2014, Debtor's proposed Chapter 13 Plan was confirmed by entered order of the Court ("Order Confirming Chapter 13 Plan"). Pursuant to the confirmed Chapter 13 Plan ("Plan") Debtor expressly agreed to continue to make the regular monthly mortgage payments due under the Note and Deed of Trust directly to the Movant.

6. WHEREAS, in March of 2014, Debtor defaulted under the Note, Deed of Trust and his confirmed Chapter 13 Plan by failing to make the requisite mortgage payment to Movant. Since that time Debtor has submitted payments which were applied as follows:

| Date of Payment | Amount of Payment | Payment Application |
|---|---|---|
| 04/15/2014 | $1,300.00 | Applied to March 2014 payment.<br><br>$101.07 applied to April 2014 payment. |
| 05/28/2014 | $300.00 | Applied to April 2014 payment. |
| 06/09/2014 | $1,000.00 | $806.16 applied to April 2014 payment.<br><br>Balance applied to May 2013 payment. |
| 07/29/2014 | $1,300.00 | Applied to balance of May 2013 payment.<br><br>$286.61 applied to June 2014 payment. |

Accordingly, Debtor still owes Movant payments for the months of June 1, 2014 through October 1, 2014.

7. WHEREAS, in light of Debtor's default, on or about October 6, 2014, Movant caused its Motion for Relief from the Automatic Stay ("Motion") to be filed in the Bankruptcy Action based on Movant's contention that Movant's interest in the Property is not adequately protected and that Debtor had breached the terms and conditions of his Note, Deed of Trust and Chapter 13 requirements by failing to make payments.

8. WHEREAS, at the time of the filing of the Motion, Debtor's Property was encumbered by the first position Note and Deed of Trust in favor of Movant with an approximate unpaid balance of $244,278.68. The post-petition arrears approximately total $7,462.04 (June 1, 2014 through October 1, 2014).

9. WHEREAS, since the filing of the Motion for Relief, Debtor and Movant, by and through their respective counsels, have initiated settlement discussions to resolve Movant's Motion for Relief from Stay via and adequate protection agreement.

10. WHEREAS, the Parties are desirous of resolving this Movant's Motion without incurring additional fees and costs in prosecuting and/or defending against the Motion.

## **STIPULATION**

NOW, THEREFORE, it is hereby stipulated and agreed between the Parties hereto as follows:

1. Debtor shall cure his post-petition arrearages of $7,462.04 to bring his account current with the Movant by tendering an additional $621.84 monthly payment, in additional to his regular monthly mortgage payment of $1,207.23, commencing November 1, 2014 and for the next 11 months thereafter, for a total of twelve (12) months, until all arrearages are satisfied. Debtor shall tender said payments by sending a check or money order payable to "SETERUS, INC.," directly to the Movant at the following address and attention:

> Seterus, Inc.
> P.O. Box 54420
> Los Angeles, CA 90054-0420

2. Commencing November 1, 2014, and within any grace period provided for under the Note, Debtor shall tender to Movant the regular monthly post-petition payments which become due under Movant's Note and Deed of Trust to Movant, and continuing on the first day of each consecutive month thereafter, until January 1, 2034, on which day the entire principal balance and all interest due thereon shall become due and payable in full. Debtor shall make his regular monthly mortgage payment as set forth above by sending a check or money order payable to "SETERUS, INC.," directly to the Movant at the following address and attention:

> Seterus, Inc.
> P.O. Box 54420
> Los Angeles, CA 90054-0420

3. Debtor shall become and remain current on all taxes and insurance against the Property. Should Debtor fail to keep taxes or insurance current on the Property, Movant may impound Debtor's account without recourse to satisfy such obligations.

4. Upon any default in the foregoing terms and conditions, Movant shall serve written notice of default to Debtor and Debtor's counsel. If Debtor fails to cure the default within 14 calendar days after mailing of such written notice, Movant may file and serve a

1  declaration under penalty of perjury specifying the default, together with a proposed order
2  terminating the stay, which the Court may grant without further notice or hearing. All Notices
3  of Breach shall be addressed to Debtor's Counsel as follows: The Price Law Group, Attn:
4  Steven A. Alpert, Esq., 15760 Ventura Blvd., Ste. 1100, Encino, CA 91436. All Notices of
5  Breach shall be addressed to the Debtor as follows: Esteban Melo, 43185 Corte Montilla,
6  Temecula, CA 92592.

7      5.    Notwithstanding anything contained herein to the contrary, the Debtor shall be
8  entitled to a maximum of 3 notices of default and opportunities to cure pursuant to the preceding
9  paragraph.  Once Debtor has defaulted this number of times on the obligations imposed by this
10 Order and has been served with this number of notices of default, Movant shall be relieved of
11 any obligation to serve additional notices of default or to provide additional opportunities to
12 cure.  If an event of default occurs thereafter, Movant shall be entitled, without first serving a
13 notice of default or providing the Debtor with an opportunity to cure, to file and serve a
14 declaration under penalty of perjury setting forth in detail the Debtor's failures to perform
15 hereunder, together with a proposed order terminating the stay, which the Court may enter
16 without further notice or hearing.

17     6.    The foregoing terms and conditions shall be binding only during the pendency of
18 this bankruptcy case, i.e. the Bankruptcy Action.  If at any time, the stay is terminated with
19 respect to the Property by Court order or by operation of law, the foregoing terms and conditions
20 shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-
21 bankruptcy law against the Property and/or against the Debtor.

22     7.    If Movant obtains relief from stay based on Debtor's defaults hereunder, the order
23 granting that relief shall contain a waiver of the 14-day stay created by Federal Rule of
24 Bankruptcy Procedure 4001(a)(3).

25     8.    This Order shall be binding and effective despite any conversion of this
26 bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

27     9.    Movant may accept any and all payments made pursuant to this Order without
28 prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled

1  under applicable non-bankruptcy law.

2      10.    Upon the Court's entry of the Order approving the Stipulation Granting Adequate Protection, any hearing scheduled on Movant's Motion for Relief shall be taken off the Court's calendar.

3      11.    This Stipulation is not intended to impose any additional duties on the Chapter 13 Trustee. The Trustee is not under any duty to respond to any notices pursuant to this stipulation. If a hearing is requested pursuant to this stipulation, such hearing shall be calendared for, and shall occur on the Chapter 13 trustee's regular law and motion calendar.

    IN WITNESS THEREOF, the Parties execute this Stipulation for Adequate Protection by their respective undersigned counsel, or as otherwise set forth, as of the date set opposite their respective signatures below.

WRIGHT, FINLAY & ZAK, LLP

Dated: October 16, 2014    By: _/s/ Nichole L. Glowin, Esq._
Nichole L. Glowin, Esq.
Attorneys' for Movant, SETERUS, INC. as the authorized subservicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), Creditor c/o Seterus, Inc., its successors and/or assigns

THE PRICE LAW GROUP

Dated: October 16, 2014    By: _____
Steven A. Alpert, Esq.
Attorney for Debtor,
ESTEBAN MELO

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.

On October 16, 2014, I served the foregoing document described as **STIPULATION FOR ADEQUATE PROTECTION,** on the interested parties in this action as follows:

[X]    by placing [  ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]    (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Newport Beach, California. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

[X]    (BY ELCTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

[X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on October 16, 2014, at Newport Beach, California.

   /s/ Brandon Quon
BRANDON QUON

## SERVICE LIST
BK Case No.: 6:14-bk-11712-SY
In re Esteban Melo

PARTIES SERVED BY ECF ELECTRONIC MAIL:

Rod Danielson, Ch. 13 Trustee: notice-efile@rodan13.com
United States Trustee: ustpregion16.rs.ecf@usdoj.gov
Stephen A. Alpert, Counsel for Debtor: notice@pricelawgroup.com
Nichole Glowin, Counsel for Movant: nglowin@wrightlegal.net
Lisa Singer, Counsel for Fannie Mae, Courtesy Notice: bkmail@rosicki.com

PARTIES SERVED BY U.S. MAIL:

Esteban Melo
43185 Corte Montilla
Temecula, CA 92592
DEBTOR

Steven A Alpert
15760 Ventura Blvd Ste 1100
Encino, CA 91436
COUNSEL FOR DEBTOR

Rod (WJ) Danielson (TR)
3787 University Avenue
Riverside, CA 92501
CHAPTER 13 TRUSTEE

Honorable Scott H. Yun
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819
COURT

Real-Time Resolutions
Attn: Managing Agent, Officer or Director
P.O. Box 36655
Dallas, TX 75235-1655
JUNIOR LIENHOLDER

Real-Time Resolutions
c/o CT Corp. System, Agent for Service
818 West Seventh Street, 2nd Floor
Los Angeles, CA 90017
JUNIOR LIENHOLDER

1 | Merit Properties/Poloma Del Sol
2 | c/o Kriger Law Firm
  | 8220 University Avenue, Ste. 100
3 | La Mesa, CA 91942
  | JUNIOR LIENHOLDER
4 |
5 | Merit Properties/Poloma Del Sol aka Merit Property Management
  | c/o Thomas R. Saltarelli, Agent for Service
6 | 695 Town Center Drive, Ste. 530
  | Costa Mesa, CA 92656
7 | JUNIOR LIENHOLDER

9

STIPULATION FOR ADEQUATE PROTECTION